Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAOLA PAZYMINO,<br>*on behalf of herself and those similarly situated,*<br><br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　　　Defendant. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

　　　　Plaintiff, Paola Pazymino, individually and on behalf of all other similarly situated, by way of Class Action Complaint against Defendant, Portfolio Recovery Associates, LLC states:

## I.　　NATURE OF THE ACTION

　　　　1.　　Plaintiff brings this action for damages against Defendant arising from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

　　　　2.　　As described more fully below, Defendant violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia*, for sending collection letters with settlement offers, and false representations of savings and discounts on time-barred debts.

## II.　　JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

### III.   PARTIES

5. Plaintiff, Paola Pazymino ("Plaintiff"), is a natural person residing in Bergen County, New Jersey.

6. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a debt collector located at 120 Corporate Boulevard, Norfolk, Virginia 23502, who purchases defaulted consumer debts for pennies on the dollar.

### IV.   FACTS

**A. Corporate Background and Business Model**

7. Defendant is not in the business of extending credit, selling goods or services to consumers.

8. Defendant regularly collects or attempts to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

9. Defendant is in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

10. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

B. **The Comenity Bank/Ann Taylor Account**

11. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation arising from Comenity Bank/Ann Taylor ("Debt" or "Account").

12. The Debt is alleged to arise from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

13. Defendant contends that the Account is past-due and in default.

14. The Account was past-due and in default when it was purchased by Defendant for pennies on the dollar.

15. Upon information and belief, the last payment made on the Account was on April 19, 2014.

16. Due to unforeseen financial circumstances, Plaintiff defaulted on the Account sometime in July 2014.

17. Upon default, a cause of action to enforce the Debt accrued.

18. Defendant later allegedly purchased a pool of defaulted consumer accounts, including Plaintiff's Account, for pennies on the dollar.

19. Upon information and belief, Delaware contractual choice-of-law provision governs the Account.

C. **Violations of the FDCPA**

20. In an attempt to collect the Debt, PRA mailed a collection letter to Plaintiff on May 8, 2018 ("PRA Letter").

21. A true copy of the PRA Letter, but with redactions, is attached as ***Exhibit A***.

22. On information and belief, the PRA Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendant and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

23. Plaintiff received and reviewed the PRA Letter.

24. The written terms governing the Account chooses the laws of Delaware as the applicable law applying to the Account.

25. Delaware law provides that no action shall be brought after the expiration of 3 years from the accruing of the cause of action. Del. Code Ann. tit. 10, § 8106(a).

26. When Defendant sent the PRA Letter, the statute of limitations had run on the Account.

27. The PRA Letter makes settlement offers and "Account Offers[.]"

28. The PRA Letter states "**Single Payment Savings**" in large letters.

29. Defendant further states "**Pay** $305.65 and **SAVE $250.07\***" and that "[t]he savings will be applied to the balance and your account will be considered 'Settled in Full' after your payment is successfully posted."

30. Defendant regularly sends collection letters offering to settle debts and misrepresenting savings on debts on which the statute of limitations has expired.

31. The Federal Trade Commission has found that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." The FTC entered into a consent decree with Asset Acceptance, LLC, one of the largest debt buyers in

the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.[1]

32.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

33.     The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that collection letters that fail to disclose material information may be misleading.

34.     On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the United States of America v. Asset Acceptance, LLC, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), American Express Centurion Bank (FDIC-12-315b, FDIC-

---

[1] Press Release, Federal Trade Commission, Under FTC Settlement, Debt Buyer Agrees to Pay $2.5 Million for Alleged Consumer Deception (Jan. 30, 2012), http://www.ftc.gov/news-events/press-releases/2012/01/under-ftc-settlement-debt-buyer-agrees-pay-25-million-alleged (For the Consent Decree wherein Asset Acceptance promises to stop filing time-barred suits, see http://www.ftc.gov/enforcement/cases-proceedings/052-3133/asset-acceptance-llc).

12-316k, 2012-CFPB-0002), American Express Bank, FSB (2012-CFPB-0003) and American Express Travel Company, Inc. (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

35. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

36. "[A]n unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'"[2]

37. Nothing in the PRA Letter disclosed that the Debt was barred by the statute of limitations.

38. Nothing in the PRA Letter disclosed the date of the transactions giving rise to the Debt.

---

[2] *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1022 (7th Cir. 2014); *see also Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 429 (3d Cir. 2018) ("in the specific context of a debt-collection letter, the least-sophisticated debtor could be misled into thinking that 'settlement of the debt' referred to the creditor's ability to enforce the debt in court rather than a mere invitation to settle the account."); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) ("a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA."); *Buchanan v. Northland Group*, 776 F.3d 393, 399 (6th Cir. 2015) ("a 'settlement offer' with respect to a time-barred debt may falsely imply that payment could be compelled through litigation."); *Filgueiras v. Portfolio Recovery Assocs., LLC*, No. 15-8144 (JLL) (SCM), 2016 U.S. Dist. LEXIS 54672, at *23 (D.N.J. Apr. 25, 2016) ("When a debt collector offers to 'settle' a time-barred debt, it is plausible that the legal status of the debt has been misrepresented since it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable." (internal quotations marks and citations omitted)).

39. Nothing in the PRA Letter disclosed the date of default.

40. Nothing in the PRA Letter disclosed that the Debt is legally unenforceable in a court of law.

41. The PRA Letter falsely implies that the Account is legally enforceable.

42. Plaintiff believed, as would the least sophisticated consumer would understand, that Defendant would later sue to collect on the debt.

43. Nothing in the PRA Letter disclosed the legal consequences of a settlement or a payment.

44. Nothing in PRA Letter disclosed that a settlement would restart the statute of limitations.

45. The PRA Letter fails to disclose that choosing to accept any of Defendant's offers could reset or restart the applicable statute of limitations or create a new enforceable settlement or contract.

46. The PRA Letter fails to disclose that should the applicable statute of limitations reset or begin again, Defendant or a subsequent assignee may have the right commence legal action, which otherwise would have been barred.

47. Defendant fails to clearly inform Plaintiff, and the least sophisticated consumer, that the applicable statute of limitations has expired and therefore any potential legal liability related to the time-barred debt has also already expired.

48. Thus, Defendant's representations of "offers" and "savings" are false as the debt is unenforceable in a court of law.  Such savings do not exist as Plaintiff would have a complete statute of limitations defense to the Debt.

49. Contrary to Defendant's misrepresentations, Plaintiff would never "save $250.07*" because this Debt is legally unenforceable in court.

## V. POLICIES AND PRACTICES COMPLAINED OF

50. It is Defendant's policy and practice to send collection letters in an attempt to collect time-barred consumer debts that misrepresent the legal status of the debt, that threaten suit, that do not disclose the debt was barred by the statute of limitations and that do not disclose the legal consequences of a payment or settlement.

51. Such practice is a deceptive collection ploy used to coerce and entice a least sophisticated consumer into making payments on an otherwise unenforceable debt or enter into a new agreement that would restart the statute of limitations.

52. Such practice is a deceptive collection ploy used to entice a least sophisticated consumer with "savings" in order to have the least sophisticated consumer make a payment or enter into a new agreement that would restart the statute of limitations, when in fact such savings are nonexistent and false.

53. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending letters which threatened suit on time-barred debts without disclosure of that fact, without disclosing the legal consequences thereof.

## VI. CLASS ACTION ALLEGATIONS

54. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> **Class**: All natural persons with addresses within the State of New Jersey, to whom, from May 7, 2018 through the final resolution of this case, Defendant, sent one or more letters in the form of Exhibit A to this complaint, in an attempt to collect a consumer debt, which debt was barred by the applicable statute of limitations on the date of the letter.

56. Plaintiff seeks to recover statutory damages, actual damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

57. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

58. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

   a. Whether Defendant is a debt collectors under the FDCPA;

   b. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f;

   c. Whether Plaintiff and the class are entitled to statutory damages;

   d. Whether Plaintiff and the class are entitled to actual damages, including all amounts paid on time-barred debts.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and the subclass and will foster economies of time, effort and expense.

60. Plaintiff's claims are typical of the claims of the members of the class.

61. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

62. Plaintiff does not have interests antagonistic to those of the class.

63. The class, of which Plaintiff is a member, is readily identifiable.

64. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

65. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class and subclass would create the risk that adjudications with respect to individual members of the class and subclass would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

66. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII. FIRST COUNT: VIOLATIONS OF THE FDCPA

67. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

68. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money,

property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

69. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

70. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

71. The PRA Letter and the same or similar letters sent to numerous New Jersey consumers are "communications" as defined by 15 U.S.C. § 1692a(2).

72. By sending the above-described collection letters, Defendant violated sections 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f of the FDCPA.

73. The violations of the FDCPA described herein constitute *per se* violations.

74. Based on any one or more of those violations, Defendant is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Paola Pazymino, on behalf of herself and others similarly situated, demands judgment against Defendant, Portfolio Recovery Associates, LLC as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

### IX. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

### X. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the Proposed Class*

Dated: May 7, 2019