**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**PAOLA PAZYMINO, on behalf of herself and those similarly situated,**

    Plaintiff,

    v.

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

    Defendant.

Civ. No. 19-12259 (KM) (ESK)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

    Portfolio Recovery Associates, LLC ("PRA") allegedly attempted to collect a debt owed by Plaintiff Paola Pazymino, and sent her multiple letters for that purpose. Pazymino claims that the letters were misleading because they did not disclose that the debt was time-barred and thus unenforceable at law when the letters were sent. Accordingly, she brought this action alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Summary judgment was previously denied, and PRA now moves to dismiss for lack of jurisdiction, claiming that Plaintiff lacks Article III standing under the Supreme Court's decisions in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) and *TransUnion LLC v. Ramirez,* 594 U.S. --, 141 S. Ct. 2190 (2021).[1] For the following reasons, the motion is **GRANTED**.

---

[1] For background, my Opinion denying Defendant's motion for summary judgment can be found at DE 78. While this case has already proceeded through the summary judgment stage, standing may be raised at any stage of the proceedings. *Burlington Drug Co. v. Pfizer Inc.*, No. 12-02389, 2021 WL 767631, at *5 (D.N.J. Feb. 26, 2021) ("An objection to subject matter jurisdiction may be raised at any time[.]"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## I. BACKGROUND[2]

Pazymino incurred a debt to Comenity Bank/Ann Taylor. (FAC ¶ 11.) Plaintiff defaulted on the debt in July 2014. (*Id.* ¶ 16.) PRA acquired the right to collect on the debt. (*Id.* ¶ 18.) "In an attempt to collect the Debt, PRA mailed a collection letter to Plaintiff on May 8, 2018 ('PRA Letter')".[3] (*Id.* ¶ 20.) Plaintiff alleges that she "received and reviewed the PRA Letter." (Am. Compl. ¶ 23.) The Complaint alleges that "[w]hen Defendant sent the PRA Letter, the statute of limitations had run on the Account."[4] (*Id.* ¶ 26.) The PRA Letter did not "disclose[] that the Debt was barred by the statute of limitations." (*Id.* ¶¶ 37–40.) Pazymino claims that the PRA Letter "falsely implies that the Account is legally enforceable," and that she "believed, as would the least sophisticated consumer would understand, that Defendant would later sue to collect on the debt." (*Id.* ¶¶ 41–42.)

The PRA Letter states that there was a "Current Account Balance" of $555.72." (DE 60-1.) The letter also has a box with the heading "Account Offers," which states "Single Payment Savings" and "Pay $305.65 and SAVE $250.07." (*Id.*) The PRA Letter also states that "[t]he savings will be applied to the balance and your account will be considered 'Settled in Full' after your

---

[2] Certain citations to the record are abbreviated as follows:

DE = docket entry

FAC = First Amended Complaint (DE 60)

Mot. = Defendant's brief in support of the motion to dismiss (DE 83-1)

Opp. = Plaintiff's brief in opposition to the motion to dismiss (DE 85)

Reply = Defendant's reply brief in support of the motion to dismiss (DE 86)

[3] The PRA Letter was attached to the First Amended Complaint and can be found at DE 60-1.

[4] My Opinion addressing Defendant's motion for summary judgment found that there was a genuine dispute of material fact as to whether the (shorter) Delaware or (longer) New Jersey statute of limitations applies. That choice-of-law issue controls the question of whether the debt was in fact time-barred and unenforceable when the PRA letter was sent. (DE 78.)

payment is successfully posted." (*Id.*) Plaintiff claims that "Defendant's representations of 'offers' and 'savings' are false as the debt is unenforceable in a court of law." (FAC ¶ 48.)

Pazymino further alleges that she "also received letters from PRA dated August 14, 2018, December 18, 2018, and March 19, 2019," which made similar purported misrepresentations.[5] (*Id.* ¶¶ 50–54.) Plaintiff characterizes the letters as "a deceptive collection ploy used to coerce and entice a least sophisticated consumer into making payments on an otherwise unenforceable debt or enter into a new agreement that would restart the statute of limitations." (*Id.* ¶ 58.)

Plaintiff brings a single claim under the FDCPA, alleging that PRA violated the FDCPA, 15 U.S.C. §§ 1692e and 1692f, by misrepresenting the legal status of the debt in its collection letters. (*Id.* ¶¶ 74–81.)

## II. STANDARD OF REVIEW

PRA moves to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. To decide such a motion, a court must first determine whether the party presents a facial or factual attack against a complaint. A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). The parties construe the motion as a facial attack, and I agree. As a result, like a Rule 12(b)(6) motion to dismiss, "the Court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*,

---

[5] These additional letters were also attached to the First Amended Complaint and can be found at DE 60-2, DE 60-3, and DE 6-4.

3

549 F.2d 884, 891 (3d Cir. 1977). The "party invoking federal jurisdiction . . . bear[s] the burden of demonstrating that they have standing." *TransUnion*, 141 S. Ct. at 2207.

### III.  DISCUSSION

Article III of the U.S. Constitution limits the judicial power of federal courts to deciding "Cases" or "Controversies."  U.S. Const. art. III, § 2. To meet the case-or-controversy requirement, a plaintiff must show that she has standing to sue. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation omitted); *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) ("Subsumed within [Article III] is the requirement that a litigant have standing[.]"). Standing is established if a plaintiff suffers an "injury in fact" that is "concrete and particularized," traceable to the defendant, and redressable by the suit. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). Absent standing, there is no case or controversy, and a federal court must dismiss the claims. *Taliaferro*, 458 F.3d at 188. The Court must presume that it lacks jurisdiction unless the party invoking jurisdiction establishes otherwise. *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 429 (D.N.J. 1999) (citing *Phila. Fed. of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)). Here, PRA argues that Pazymino lacks standing because she did not suffer and injury in fact.

The relationship between statutory violations and concrete injuries has been analyzed by the Supreme Court in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). According to the Supreme Court, a statutory violation constitutes a concrete injury if the attendant harm "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 578 U.S. at 341. Under this standard, "certain harms readily qualify as concrete injuries," including "physical harms and monetary harms," as well as "reputational harms, disclosure of private information, and intrusion upon

4

seclusion." *TransUnion*, 141 S. Ct. at 2204. However, a statutory violation does not automatically count as a concrete injury, even if the statute authorizes a cause of action for such a violation. *Spokeo*, 578 U. S., at 341; *TransUnion*, 141 S. Ct. at 2205. Thus, while the judgment of Congress in proscribing conduct is "instructive and important," *Spokeo*, 578 U.S. at 341, it may not override Article III and "simply enact an injury into existence." *TransUnion*, 141 S. Ct. at 2205.

"Numerous courts in this district have applied the holding of *Spokeo*, as illustrated by the Court in *TransUnion*, in cases challenging the existence of standing under the FDCPA." *Rodriguez v. Awar Holdings, Inc.*, 18-16251, 2023 WL 4362729, at *3 (D.N.J. July 6, 2023); *Perez v. I.C. Sys., Inc.*, No. 21-14883, 2022 WL 17991143, at *5 (D.N.J. Dec. 29, 2022) (collecting cases). "The consensus in post-*TransUnion* FDCPA decisions is that misleading information in a debt collection letter causes concrete harm sufficient to confer Article III standing *only where*, at a minimum, that information influences a plaintiff's decision-making with respect to the debt." *Id.*; *Vaughan v. Fein, Such, Kahn & Shepard, P.C.*, No. 21-16013, 2022 WL 2289560, at *5 (D.N.J. June 24, 2022) ("[D]eceptive debt collection practices and misleading or inaccurate information bear a preliminary kinship to common-law fraud or fraudulent misrepresentation. . . . [E]ven if the harm need only be similar in kind (but not degree), Plaintiff must at least allege some form of reliance."). As I have explained in a prior, post-*TransUnion* decision:

> The reasoning behind this consensus is that there is no historical or common law analogue for a cause of action based on mere receipt of false or misleading information from a debt collector. To be sure, the communication of false information with the intent to induce someone to part with money bears a resemblance to common law fraud. *See Lahu* [*v. I.C. Sys., Inc.*, No. 20-6732, 2022 WL 6743177, at *3 (D.N.J. Oct. 11, 2022)]. But a critical element of a fraud claim, as many courts reviewing FDCPA claims have emphasized, is "some form of detrimental reliance

5

> on the representations made by the defendant." *Id.*
> *See, e.g., Rabinowitz* [*v. Alltran Fin. LP*, No. 21-12756, 2022 WL 16362460, at *9 (D.N.J. Oct. 25, 2022)]. A plaintiff who fails to allege any reliance on a false or misleading statement made in violation of the FDCPA stands on the same footing as a plaintiff who fails to allege third-party dissemination of an internal credit file maintained in violation of the FCRA.

*Perez*, 2022 WL 17991143, at *5. Thus, to satisfy Article III's concreteness requirement, "a plaintiff must allege some 'downstream consequences' or 'adverse effects' from receiving false or misleading information in violation of the FDCPA." *Id.* (citations omitted).

Plaintiff alleges an "intangible informational injury," claiming that the PRA Letter was false and misleading causing her to "believe[] . . . that Defendant would later sue to collect on the debt." (FAC ¶ 42.) She claims that this "belief that Defendant would later sue her" is an "adverse effect" sufficient to confer standing. (Opp. at 13.) I disagree. This allegation "reflects only a state of mind," which I have previously found insufficient, without more, to satisfy Article III. *Perez*, 2022 WL 17991143, at *6. Pazymino does not allege that she took or failed to take any action as a result of the PRA Letter or subsequent letters, and thus does not allege any "adverse effects" or "downstream consequences" from the asserted informational injury. *TransUnion*, 141 S. Ct. at 2214; *Rohl v. Pro. Fin. Co.*, No. 21-17507, 2022 WL 1748244, at *4 (D.N.J. May 31, 2022) (holding that plaintiff failed to establish standing in a case alleging misrepresentations in a collection letter because "the Complaint fails to plausibly allege that [plaintiff] relied on [defendant's] representation such that her injury-in-law is transformed into an injury-in-fact"). The purported intangible informational harm is insufficient to confer standing.

Plaintiff argues that the Supreme Court in *TransUnion* "never required the plaintiff to prove elements of the common law analogue in order to have Article III standing." (Opp. at 10.) This argument misses mark. Plaintiff's lack of detrimental reliance does not defeat standing simply because she failed to

6

plead the elements of a common law fraud or fraudulent misrepresentation claim. Rather, lack of detrimental reliance defeats standing because, without it, Plaintiff has not been *injured* in a way that is "traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion*, 141 S. Ct. at 2204. That is the basis for the court's search for a "historical or common law analogue" to the current claim. *Perez*, 2022 WL 17991143, at *5 ("[T]here is no historical or common law analogue for a cause of action based on mere receipt of false or misleading information from a debt collector.").

Pazymino cites two decisions from the Third Circuit which found standing. *See Duetsch v. D&A Servs. LLC*, 2023 WL 2987568, at *1 (3d Cir. Apr. 18, 2023) (non-precedential); *Kelly v. RealPage Inc.*, 47 F.4th 202 (3d Cir. 2022). Both of those decisions emphasized that for an asserted informational injury to confer standing, the omission must lead to "adverse effects" or "downstream consequences." Again, other than the insufficient claim that she "believed . . . that Defendant would later sue to collect on the debt," (FAC ¶ 42), Plaintiff has not alleged any effect or consequence.

Pazymino also argues that she has suffered a "tangible monetary injury" because the "false and misleading statements affected Plaintiff economically." (Opp. at 13.) Essentially, she claims that she is in a worse economic position than a hypothetical person who received a letter which disclosed that the debt is no longer legally enforceable. (*Id.* at 14.) Again, I disagree. Pazymino and her hypothetical plaintiff may be in different psychological positions, but they are in the exact same economic position: Neither owes or has paid a debt which is legally enforceable. Thus, Plaintiff has not alleged a tangible monetary harm sufficient to confer standing.

Plaintiff has failed to show that she has standing, and this Court is thus without jurisdiction.[6] As a result, the matter must be dismissed without prejudice. *Taliaferro*, 458 F.3d at 188.

---

[6]  Plaintiff purports to sue on behalf of a class as well, and "Article III requires that the party purporting to represent a class must be able to prove actual injury to

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. An appropriate order follows.

Dated: October 30, 2023

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty
United States District Judge**

---

herself." *Rodriguez*, 2023 WL 4362729, at *5 (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). "If none of the named plaintiffs purporting to represent a class establishes standing, none may seek relief on behalf of herself or any other member of the class." *Id.* Since Pazymino lacks standing, and she is the only named plaintiff, both her individual and class claims are dismissed.